

**Tre Hargett**
Secretary of State

# Division of Business Services
## Department of State
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

LAVACK, MARK
240 W MAIN ST
MARQUETTE, MI 49855-9103

09/19/2017

RE: EMILY JOHNSON

VS: MARK LAVACK

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

Enclosures: Original Documents

### DOCUMENT INFORMATION

SOS Summons #: 04803845
Case #:       17C2293
Certified #:   70170530000018926083

SS-4214 (Rev. 8/15)    RDA 1003

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

EMILY JOHNSON

_____

_____ Plaintiff

CIVIL ACTION
DOCKET NO. 17C2293

Vs.

MARK LAVACK

240 W. MAIN STREET

MARQUETTE, MI 49855

_____ Defendant

Method of Service:
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[X] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/3/17

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | BURKE KEATY (BPR # 027342) |
| | 810 BROADWAY, SUITE 105, NASHVILLE, TN 37203 |
| | Address |
| | 615-928-9901 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

SHERIFF

[♿] To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20____, I:

[  ] served this summons and complaint/petition on _____

_____ in the following manner:

[  ] failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20 ____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 ____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20 ____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if copy certification required:)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| EMILY JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) NO. 17C2293 |
| MARK LAVACK and URS MIDWEST, INC., | ) |
| Defendants. | ) |

2017 SEP 13 PM 4:00

## COMPLAINT

Plaintiff states:

1. Plaintiff Emily Johnson is a resident and citizen of White Bluff, Dickson County, Tennessee.

2. Defendant Mark Lavack is a resident and citizen of Marquette, Marquette County, Michigan.

3. Defendant URS Midwest Inc., is a Delaware corporation with a registered agent of Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tennessee, 37027-7522.

4. On or about September 30, 2016, Defendant Mark Lavack was operating a tractor-trailer on Interstate 40 in Nashville, Davidson County, Tennessee.

5. At the same time, Plaintiff Emily Johnson was operating her sedan on Interstate 40 in front of the tractor-trailer Defendant Mark Lavack was driving.

6. Defendant Mark Lavack drove the tractor-trailer into the rear of the Plaintiff's sedan causing a collision.

7. Defendant Mark Lavack is at fault for the collision.

8. Defendant Mark Lavack followed Plaintiff's sedan improperly.

9. Defendant Mark Lavack did not maintain a proper lookout.

10. Defendant Mark Lavack did not pay proper attention.

11. Defendant Mark Lavack did not keep the tractor-trailer he was driving under proper control.

12. Defendant Mark Lavack did not otherwise use reasonable and due care in the operation of the tractor-trailer he was driving.

13. Based on Defendant Mark Lavack's conduct described herein, Defendant Mark Lavack was negligent.

14. Defendant Mark Lavack violated Tenn. Code Ann. § 55-8-124 by following improperly Plaintiff Emily Johnson's sedan.

15. Defendant Mark Lavack violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with Plaintiff Emily Johnson's sedan, by failing to maintain a safe lookout, by failing to keep the tractor-trailer he was driving under proper control, and by failing to devote full time and attention to operating the tractor-trailer, under the existing circumstances to avoid endangering life, limb, or property.

16. Based on Defendant Mark Lavack's conduct described herein, Defendant Mark Lavack was negligent *per se*.

17. At all times relevant to the matters alleged herein, Defendant Mark Lavack was the agent, or employee, or both, of Defendant URS Midwest, Inc.

18. At all times relevant to the matters herein, Defendant Mark Lavack was acting in the course and scope of his agency relationship, or employment, or both with Defendant URS Midwest, Inc.

19. Defendant URS Midwest, Inc., is vicariously liable for the acts, omissions, or both, of Defendant Mark Lavack described herein under the doctrine of respondeat superior.

20. Plaintiff Emily Johnson has suffered injuries as a direct and proximate result of the collision.

21. Plaintiff Emily Johnson has incurred medical bills and other expenses as a direct and proximate result of the collision.

22. Plaintiff Emily Johnson has endured physical pain and mental suffering as a direct and proximate result of the collision.

23. Plaintiff Emily Johnson has suffered loss of enjoyment of life as a direct and proximate result of the collision.

24. Plaintiff Emily Johnson has suffered lost wages as a direct and proximate result of the collision.

25. Plaintiff Emily Johnson seeks to recover for all of her damages allowed under Tennessee law.

WHEREFORE, Plaintiff Emily Johnson prays for the following relief:

1. A judgment for compensatory damages for Plaintiff Emily Johnson against Defendants Mark Lavack and URS, Midwest, Inc., jointly and severally, in an amount to be determined by the trier of fact, but in excess of $25,000;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable and necessary.

Respectfully Submitted,

_____
Burke Keaty (BPR#027342)
Susan Neal Williams (BPR#030408)
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, Tennessee 37203
Phone: (615) 928-9901
bkeaty@forthepeople.com
*Counsel for Emily Johnson*

- 4 -